JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Serene Dudhi
246 Avon Road
Upper Darby, PA 19082

**(b)** County of Residence of First Listed Plaintiff  Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 267-546-0131

## DEFENDANTS
Temple Health Oaks Lung Center
450 Crsson Blvd, Suite 200
Oaks, PA 19456

County of Residence of First Listed Defendant  Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
(42 U.S.C.A. § 2000e-2(a)
Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE 8/17/18
SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Serene Dudhi                    :           CIVIL ACTION
        v.                      :
Temple Health Oaks Lung Center  :           NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (✓)

| 8/17/18 | Graham F. Baird | Serene Dudhi |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 267-546-0131 | 215-944-6124 | grahamb@ericshore.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 246 Avon Road Upper Darby PA 19082

Address of Defendant: 450 Cresson Blvd, Suite 200, Oaks PA 19456

Place of Accident, Incident or Transaction: 450 Cresson Blvd, Suite 200, Oaks PA 19456

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/17/18        _____ /s/_____        92692
                     *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

A. **Federal Question Cases:**
 1. Indemnity Contract, Marine Contract, and All Other Contracts
 2. FELA
 3. Jones Act-Personal Injury
 4. Antitrust
 5. Patent
 6. Labor-Management Relations
 7. Civil Rights ☑
 8. Habeas Corpus
 9. Securities Act(s) Cases
 10. Social Security Review Cases
 11. All other Federal Question Cases
  *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
 1. Insurance Contract and Other Contracts
 2. Airplane Personal Injury
 3. Assault, Defamation
 4. Marine Personal Injury
 5. Motor Vehicle Personal Injury
 6. Other Personal Injury *(Please specify):* _____
 7. Products Liability
 8. Products Liability – Asbestos
 9. All other Diversity Cases
  *(Please specify):* _____

---

ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Graham F. Baird, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 8/17/18        _____ /s/_____        92692
                     *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SERENE DUDHI<br>246 Avon Road<br>Upper Darby, PA 19082<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TEMPLE HEALTH OAKS LUNG<br>CENTER<br>450 Cresson Blvd, Suite 200<br>Oaks, PA 19456<br><br>And<br><br>TEMPLE UNIVERSITY HEALTH<br>SYSTEM, INC.<br>3509 N. Broad Street, 9th Floor<br>Philadelphia, PA 19140<br><br>　　　　Defendants | JURY DEMANDED<br><br><br>No. |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

　　1.　　Plaintiff, SERENE DUDHI (hereinafter "Plaintiff") is an adult individual residing at the above address.

　　2.　　Defendant, TEMPLE HEALTH OAKS LUNG CENTER ("Temple Oaks") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. At all times material hereto, Temple Oaks was Ms. Dudhi's employer.

　　3.　　Defendant, TEMPLE UNIVERSITY HEALTH SYSTEM, INC. ("Temple Health") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a corporate headquarters at the above captioned Pennsylvania address.

Temple Health Oaks Lung Center and Temple University Health System, Inc. are hereinafter collectively referred to as "Defendants".

4. At all times material hereto, Defendants were acting together in the capacity of Plaintiff's employer pursuant to Title VII of the Civil Rights Act, the Pregnancy Discrimination Act and the Pennsylvania Human Relations Act ("PHRA").

5. Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit A, a true and correct copy of a dismissal and notice of rights letter issued by the Equal Employment Opportunity Commission.)

6. This action is instituted pursuant to the Pregnancy Discrimination Act and the Pennsylvania Human Relations Act and applicable federal law.

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

9. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendants in the Eastern District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

**II. Operative Facts.**

10. In April of 2014, Defendants hired Ms. Dudhi, as a medical assistant for their Oaks, PA location where she had been working as a temporary employee for approximately a year and a half.

11. At the time of her hire, Plaintiff was the only African-American employee in the Temple Oaks office.

12. In mid-2016, Defendants underwent a shift in management, and Plaintiff came under the management of Karen Kirch, a Caucasian woman.

13. In February of 2017, Plaintiff took an approved FMLA leave for the birth of her child.

14. Plaintiff returned to work in May of 2017.

15. Upon her return to work, Plaintiff explained to Ms. Kirch and Defendants' office manager Beth that as she was breastfeeding her newborn, she would need to take a break during the day to express milk for her newborn.

16. Defendants did not provide Plaintiff with a private area in which to pump, nor did they honor her need to take a break to do so.

17. Plaintiff was forced to pump wherever she could, usually using an empty office or occasionally, her car.

18. Additionally, she would cut short her lunch break in order to take a twenty (20) minute break required to pump.

19. Plaintiff experienced interruptions in pumping by both male and female employees due to a lack of privacy and despite letting Beth know that she was taking a break to pump.

20. On June 29, 2017, Plaintiff was working her shift with two (2) other medical assistants.

21. She advised one of the other medical assistants that she was going on break to pump and would be returning shortly.

22. As there was nowhere else to go, Plaintiff went to the parking lot and sat in her car to pump.

23. Upon her return, Plaintiff was told that the doctors were looking for her and one of the other medical assistants, a Caucasian temp worker.

24. Ms. Kirch then fired Plaintiff due to not being able to locate her within the building.

25. Upon information and belief, the Caucasian temp who was also unable to be found was not reprimanded nor written up and was in fact given Plaintiff's position after her termination.

26. At all times material, Defendants, by and through their employees, were hostile to Plaintiff's pregnant/nursing condition, and terminated her because of that animus.

27. At all times material, Defendants, by and through their employees, were hostile to Plaintiff's need to take FMLA leave, and terminated her because of that animus.

28. At all times material, Defendants, by and through their employees, were hostile to Plaintiff's status as an African-American woman, and terminated her because of that animus.

29. As a direct and proximate result of Defendant's conduct in terminating Plaintiff's employment, she sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

### COUNT I – EMPLOYMENT DISCRIMINATION
### (42 U.S.C.A. § 2000e-2(a))

30. Plaintiff incorporates paragraphs 1-29 as if fully set forth at length herein.

31. Defendant took adverse action against Plaintiff by terminating her employment.

32. Plaintiff's status as a pregnant woman places her in a protected class.

33. Plaintiff's status as an African-American woman places her in a protected class.

34. Plaintiff's status as a nursing mother places her in a protected class.

35. Defendants did not allow Plaintiff to take breaks to pump.

36. Defendants treated Plaintiff less favorably than similarly situated white employees.

37. Defendants treated Plaintiff less favorably than similarly situated non-nursing employees.

38. Plaintiff's membership in a protected class was a motivating factor in Defendants' decision to terminate Plaintiff's employment.

39. As such, Defendants' conduct constitutes unlawful employment practices, under 42. U.S.C. § 2000e-2(a).

40. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

41. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

42. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff demands attorneys fees and court costs.

## COUNT II—PREGNANCY DISCRIMINATION ACT
## (42 U.S.C.A. § 2000(e)(k) et seq)

43. Plaintiff incorporates paragraphs 1-42 as if fully set forth at length herein.

44. At all times material hereto, and pursuant to the Pregnancy Discrimination Act an employer may not discriminate against an employee on the basis of pregnancy, childbirth or other medical conditions.

45. At all times material hereto, Plaintiff was pregnant and subject to the aforementioned termination of her employment, as described above.

46. Defendants' conduct in terminating Plaintiff was a result of her pregnancy and, as such, constitutes a violation of the Pregnancy Discrimination Act, 42 U.S.C. §2000(e)(k), et seq.

47. As a proximate result of Defendants' conduct, Plaintiff sustained damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

48. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

49. Pursuant to the Pregnancy Discrimination Act, Plaintiff demands attorneys fees and court costs.

## COUNT III – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## (43 P.S. § 955)

50. Plaintiff incorporates paragraphs 1-49 as if fully set forth at length herein.

51. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not discriminate against an employee based on pregnancy, childbirth or related medical conditions.

52. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

53. Defendants are Plaintiff's "employers" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

54. Defendants' conduct in terminating Plaintiff is an adverse action, was taken as a result of her pregnancy and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

55. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

56. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

57. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq Plaintiff demands attorneys fees and court costs.

### COUNT IV – VIOLATION OF FMLA—RETALIATION
### (29 U.S.C. §2601 et seq.)

58. Plaintiff incorporates paragraphs 1-57 as if fully set forth at length herein.

59. As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

60. Following her return to work upon completion of her FMLA leave, Defendants terminated Plaintiff's employment, an adverse action.

61. Defendants' motivation in terminating Plaintiff's employment was based, in part, upon her application for FMLA leave.

62. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

63. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

64. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys fees and court costs.

**IV. Relief Requested.**

**WHEREFORE,** Plaintiff Serene Dudhi demands judgment in her favor and against Defendants, Temple Health Oaks Lung Center and Temple University Health System, Inc. in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost

benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____
**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102

Date: 8/17/18

Attorney for Plaintiff, Serene Dudhi

# Send Result Report

MFP
TASKalfa 4501i
Firmware Version 2N9_2000.004.202 2015.01.16

08/17/2018 10:51
[2N7_1000.003.007] [2N4_1100.001.002] [2N4_7000.004.202]

Job No.: 094832   Total Time: 0°00'39"   Page: 002

# Complete

Document:   doc09483220180817104722

---

## LAW OFFICES OF ERIC A. SHORE

Eric A. Shore △
President

**Managing Associates**

Graham F. Baird △
Employment / Civil Rights

Dennis J. Gruenke △+
Workers' Compensation / Personal Injury

G. Evan Jones ○
Social Security Disability

Linda M. Lopez △
ERISA Disability

Scott K. Johnson ○○
Class Actions / Education

Lisa Cunningham #
Veterans Disability

Two Penn Center, Suite 1240
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102
215-627-9999 | Fax: 215-627-9426

4 Echelon Plaza, 8th Floor
201 Laurel Road
Voorhees, NJ 08043
856-761-1222 | Fax: 856-427-4008

Associate
JoAnn V. Diaz
Alexis A. Franklin
Robert H. Graff
Alexa L. Guarni
JoAnn P. Kelton
Allan S. Meltzer
Gabrielle Muller
Alysia J. Remaloy
Jennifer L. Ruth
Michael A. Shore
Toni L. Telles

Licensed
○ PA ○ NJ △ PA&NJ + MD # NY # FL ○

DATE: August 17, 2018

FAX NO: (717) 772-6553

TO: Bureau of Program Intergrity

ATTN: Division of Third Party Liability – Recovery Section

---

| No. | Date and Time | Destination | Times | Type | Result | Resolution/ECM |
|-----|---------------|-------------|-------|------|--------|----------------|
| 001 | 08/17/18 10:47 | **7177726553** | 0°00'39" | FAX | OK | 200x100 Normal/On |

[ L7N4805909 ]

# EXH. A

EEOC Form 161 (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Serene Dudhi<br>246 Avon Rd<br>Upper Darby, PA 19082 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2018-00069 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Jamie R. Williamson,
District Director

5/22/18
(Date Mailed)

Enclosures(s)

cc:
**TEMPLE UNIVERSITY**

Graham Baird, Esq. (for Charging Party)

Fay Trachtenberg, Senior Associate Counsel
(for Respondent)